DUNCAN BARR, Bar No. 49259
MOLLY A. KUEHN, Bar No. 230763
O'CONNOR, COHN, DILLON & BARR
2405 16th Street
San Francisco, California 94103
Telephone: (415) 281-8888
Facsimile: (415) 503-4117
E-mail:  dbarr@ocdb.com

Attorneys for Defendant
BAYER CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. STEWART, a resident of Wake Forest, North Carolina,<br><br>                              Plaintiff,<br>   v.<br><br>BAYER CORPORATION, an Indiana corporation, successor to CUTTER BIOLOGICAL, a California Corporation; BAXTER HEALTHCARE CORPORATION, a Delaware corporation, and its HYLAND DIVISION; and ALPHA THERAPEUTIC CORPORATION, a California corporation,<br><br>                              Defendants. | CASE NO.: C 07-2596 JL<br><br>**E-FILED**<br><br>**NOTICE OF MOTION AND DEFENDANT BAYER CORPORATION'S UNOPPOSED MOTION TO STAY PRETRIAL PROCEEDINGS PENDING TRANSFER TO MULTIDISTRICT PROCEEDING AND UNOPPOSED MOTION FOR ENLARGEMENT OF PRETRIAL DEADLINES AND INCORPORATED MEMORANDUM OF LAW**<br><br>Date:          July 25, 2007<br>Time:         9:30 a.m.<br>Courtroom:  F, 15th Floor |

PLEASE TAKE NOTICE that on July 25, 2007, at 9:30 a.m., or as soon thereafter as counsel can be heard, defendant Bayer Corporation ("Bayer") will move the Court, at Courtroom F, Fifteenth Floor, of the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, for an order to stay pretrial proceedings in this Court pending transfer of this action by the Judicial Panel on Multidistrict Litigation ("the Panel"), pursuant to 28 U.S.C. § 1407, to MDL-986, currently pending before The Honorable John F. Grady in the Northern

1    District of Illinois.  *See In re* "Factor VIII or IX Concentrates Blood Products" Liability Litigation,

2    MDL No. 986, 853 F. Supp. 454 (J.P.M.L. 1993).

3         Plaintiff in this case is a resident of Wake Forest, North Carolina and alleges that he became

4    infected with HCV as a result of using defendants' "blood factor products" to treat his hemophilia.

5    Compl. ¶¶ 1, 7, 8.

6         On May 23, 2007, Bayer filed a "tag-along" notice with the Panel, a copy of which is

7    attached hereto as Exhibit A.  The Panel has not yet issued an order transferring the instant action to

8
9    MDL-986 in the Northern District of Illinois.

10                          **MEMORANDUM OF LAW**

11        This Court retains jurisdiction until a Panel transfer order is filed in the transferee district

12   court.  However, a stay of proceedings in this Court is warranted pending transfer.  Simply put,

13   permitting pretrial matters to continue, pending the virtually certain transfer of this case to MDL-

14
15   986, would invite the very problems consolidation is designed to avoid:  duplication of discovery

16   and pretrial orders, inconsistent pretrial rulings, and the inefficient use of judicial resources.[1]  A stay

17   of pretrial proceedings, by contrast, would facilitate the uniform and efficient resolution of pretrial

18   issues common to this and other factor concentrate cases.[2]

19

20   1 The primary purpose of consolidating cases in one court is to conserve judicial resources, avoid duplicate discovery,
     prevent inconsistent pretrial rulings, and avoid conflicting scheduling requirements.  *See e.g., In re* California Retail
21   Natural Gas & Elec. Antitrust Litig., 150 F. Supp. 2d 1383, 1384 (J.P.M.L. 2001) ("[c]entralization under Section 1407 is
     thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings … ; and conserve the
22   resources of the parties, their counsel, and the judiciary"); *In re* Microsoft Corp. Windows Operating Sys. Antitrust Litig.,
     No. 1332, 2000 U.S. Dist. LEXIS 5559, at *5-6 (J.P.M.L. Apr. 25, 2000) (cases "arise from a common factual core"); *In
23   re* Eastern Airlines, Inc. Flight Attendant Weight Program Litig., 391 F. Supp. 763, 764 (J.P.M.L. 1975) (same).  Indeed,
     where an MDL transfer will "be for the convenience of parties and witnesses" and "promote the just and efficient conduct
24   of such actions," the JPML "shall" make such transfer.  28 U.S.C. § 1407(a) (emphasis added).

25   2 *Gullone, et al.  v. Bayer Corporation, et al.,* Case No. C-03-2572 PJH, 11/12/03 Order Staying Proceedings; Order
     Transferring Case to MDL, filed USDC, Northern District of Illinois, 12/15/2003; *Miller v. Bayer Corporation, et al.,*
26   Case No. C-06-2542 MJJ, Order Staying Proceedings filed 05/09/200; *Davis v. Bayer Corporation, et al.,* Case No. C-06-
     01139 CW, Order Staying Proceedings filed 03/09/2006; *Bankston v. Bayer Corporation, et al.,* Case No. C-06-0783 SC,
27   Order Staying Proceedings filed 04/03/2006; *Cardwell v. Bayer Corporation, et al.,* Case No. C-06-01138 MJH, Order
     Staying Proceedings filed 04/17/2006.

28

### UNOPPOSED MOTION FOR ENLARGEMENT OF ALL PRETRIAL DEADLINES ESTABLISHED BY LOCAL RULE, COURT ORDER OR OTHERWISE

Pursuant to Local Rule 16.2(d), Bayer respectfully moves for an enlargement of the time in which defendants are required to comply as to all pretrial deadlines established by Local Rules 16.2, 16.3, 16.9 and 16.10 of the United States District Court for the Northern District of California, court order, or otherwise, while this Court considers the instant Motion to Stay.

For example, pursuant to Local Rule 16.9, the parties are obligated to meet and confer to prepare a joint report, Case Management Statement, and Proposed Case Management Order. Bayer submits that it would be inefficient for the parties and this Court to expend valuable time and resources in preparing, filing, and reviewing a joint report that is most likely to be supplanted by the MDL process. In addition, because the case will remain in the MDL for an inestimable period of time, it is impossible for Bayer to submit a proposed revised case management schedule to the Court as required by Local Rule 16.2(d)(3).

Accordingly, Bayer asks this Court to enlarge all pretrial deadlines established by Local Rule, Order, or otherwise, pending entry of an order on Bayer's Motion to Stay. In the event this Court denies Bayer's Motion to Stay, Bayer respectfully requests that this Court establish new deadlines for matters such as the meeting of counsel to prepare and file the joint report, Case Management Statement, and Proposed Case Management Order, which deadlines may expire during the pendency of this Motion to Stay.

### CERTIFICATE OF COUNSEL

Counsel for Bayer hereby certifies that it conferred with Plaintiff's counsel regarding this motion as required by Local Rule 16.3 of the United States District Court for the Northern District of California, and represents that for reasons other than those stated in Bayer's motion, Plaintiff's counsel does not oppose the Motion to Stay or the Motion for Enlargement of All Pretrial Deadlines.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

For all of the foregoing reasons, this Court should stay all pretrial proceedings pending transfer to the MDL court and/or enlarge all pretrial deadlines pending transfer to the MDL court.

Dated:  June 4, 2007                          Respectfully Submitted,

**O'CONNOR, COHN, DILLON & BARR**


By:        /s/ Duncan Barr
           Duncan Barr, Esq.
           Molly A. Kuehn, Esq.
           Attorneys for Defendant
           BAYER CORPORATION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of June, 2007, I caused to be served a true and correct copy of the foregoing document on the following counsel of record pursuant to ECF as to Filing Users and by Federal Express, postage prepaid, pursuant to Local Rule 5.5 as to any party who is not a Filing User or represented by a filing user:

| SERVICE LIST | |
|---|---|
| Elizabeth J. Cabraser, Esq.<br>Robert J. Nelson, Esq.<br>Morris A. Ratner, Esq.<br>Fabrice N. Vincent, Esq.<br>LIEFF, CABASER, HEIMANN &<br>  BERNSTEIN<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3399 | **COUNSEL FOR ATTORNEYS**<br><br>Tel:  (415) 956-1000<br>Fax:  (415) 956-1008 |
| Sara Gourley, Esq.<br>Tamar B. Kelber, Esq.<br>SIDLEY, AUSTIN, BROWN & WOOD<br>One South Dearborn Street<br>Chicago, California  60603 | **COUNSEL FOR ARMOUR<br>PHARMACEUTICAL COMPANY,<br>AVENTIS BEHRING LLC<br>Tel:  312 / 853-7000<br>Fax:   312 / 853-7036** |
| Kevin J. Stack, Esq.<br>KNAPP PETERSEN & CLARKE<br>500 North Brand Blvd., 20th Floor<br>Glendale, California  91203-1904 | **COUNSEL FOR ALPHA<br>THERAPEUTIC CORPORATION<br>Tel:  818/547-5000<br>Fax:  818/547-5329** |

  /s/  Duncan Barr
Duncan Barr, Esq.